**KIRKLAND & ELLIS LLP**
AND AFFILIATED PARTNERSHIPS

August 9, 2022

**Filed via ECF**

The Honorable Hector Gonzalez
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:   *Chung v. Illuminate Education, Inc.*, 1:22-cv-3110

Dear Judge Gonzalez:

I write on behalf of defendant Illuminate Education, Inc. ("Illuminate") and plaintiff Sarah Chung pursuant to §IV.A of the Court's Individual Practices to notify the Court that the parties have stipulated and jointly move the Court to transfer the above-captioned matter to the Central District of California. The parties are willing to appear for a pre-motion conference if the Court deems it necessary.

Since Chung filed this case, two other plaintiffs have filed similar cases in the Central District of California that arise out of the same incident: *Kisil v. Illuminate Education, Inc.*, Case No.: 22-cv-01164, and *Cranor v. Illuminate Education, Inc.*, Case No. 8:22-cv-1404. One of these cases, *Kisil*, involves a plaintiff from the New York school system like Chung. Given that multiple similar cases are pending in the Central District of California, the parties agree that transferring this case will promote judicial economy and will be far more convenient to the parties and witnesses.

**<u>Venue Is Proper In The Central District Of California.</u>** Venue in a civil action is proper in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b); *Babayoff v. Ocean Cnty. New Jersey*, 2022 WL 2954353, at *1 (E.D.N.Y. July 26, 2022).

The Central District of California is a proper venue for this action because the forum in which a corporation resides is the forum "within which its contacts would be sufficient to subject it to personal jurisdiction." 28 U.S.C. § 1391(d). And "the paradigm forum for the exercise of general jurisdiction [is] one in which the corporation is fairly regarded as at home." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). A corporation is typically fairly regarded as at home in the place that its "main headquarters," *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010), or "principal place of business," *Daimler*, 571 U.S. at 137, is located.

Illuminate's headquarters and principal place of business is at 530 Technology Drive, Suite 100, Irvine, CA 92618.  *Illuminate Ed. Contact Us*, https://www.illuminateed.com/; *see also* Compl. ¶10.  Its headquarters are within the boundaries of the Central District of California, and venue would thus be proper under Section 1391(b)(1).

**All Parties Have Consented to the Requested Transfer.**  The Court should transfer this action to the Central District of California because all parties have consented to the requested transfer of venue.  Section 1404(a) expressly permits transfer to "any district or division to which all parties have consented."  *See* 28 U.S.C. § 1404(a).

**Transfer Would Be Convenient And In The Interest Of Justice.**  District courts have "broad discretion" in deciding motions to transfer, and generally consider the following factors:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.

*Sonn v. Getty as Tr. of Pleaides Tr.*, 2022 WL 2658457, at *1 (E.D.N.Y. July 8, 2022).  Weighed together, these factors favor a transfer.

"The convenience of both the party and non-party witnesses is probably considered the single-most important factor in the analysis of whether a transfer should be granted."  *Wine Markets Int'l, Inc. v. Bass*, 939 F. Supp. 178, 183–84 (E.D.N.Y. 1996).  This case is at a preliminary stage and the parties have not identified all relevant witnesses.  However, relevant Illuminate employees may reside in or near the Central District of California because Illuminate has its headquarters there.  And although Chung is a resident of Queens County, New York, meaning that the Central District of California may be less convenient for her, she has consented to the transfer, and the *Kisil* case which involves a New York plaintiff is already pending there.  A transfer to the Central District of California would therefore be convenient for the witnesses.

Judicial economy also favors transfer.  Two other cases based on the same set of operative facts are currently pending in the Central District of California. *See* Exs. 1, 2.  One of those, *Kisil v. Illuminate*, was brought on behalf of a putative New York class.  Ex. 1 ¶47.  Transferring this case to the Central District of California will promote judicial economy by allowing for the possibility that the cases could be consolidated, by avoiding duplicative litigation, and by reducing the burden on the courts and the parties.

"There is a strong policy favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently, duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided."  *Wald v. Bank of Am. Corp.*, 856 F. Supp. 2d 545, 550 (E.D.N.Y. 2012).  The possibility of consolidation is a "significant factor" because of the potential "wastefulness of time, energy, and money" that would inevitably arise from litigating in multiple districts.  *In re Miller Marine Servs., Inc.*, 2013 WL 5460937, at *5 (E.D.N.Y. Sept. 30, 2013).  In evaluating a motion to transfer venue, the existence of a related action in the transferee district "may be determinative."  *Freeman v. MML Bay State Life Ins. Co.*, 2010 WL 8961440, at *5 (D. Conn. July 15, 2010).

The Parties agree that transferring this case to the Central District of California with the ultimate goal of consolidation with *Kisil* and *Cranor* would promote the efficient use of scarce judicial resources and avoid wasteful and inconsistent litigation. Accordingly, this factor strongly favors transfer.

Any typical deference given Chung's initial choice of forum is "much reduced" given her choice to represent a class, since she is "one of many potential plaintiffs." *Wald*, 855 F. Supp. 2d at 549. Most of the evidence in the case will be electronic, so "[t]he location of relevant documents is largely a neutral factor in today's world of faxing, scanning, and emailing documents." *Am. S.S. Owners Mut. Prot. and Indem. Ass'n, Inc. v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474, 484 (S.D.N.Y. 2007). There is no indication that there will be any non-party witnesses who will refuse to appear. *Id*. And although there may be a disparity between the relative means of Chung as an individual and Illuminate as a large corporation, Chung has stipulated to the transfer.

Because transferring the case would be more convenient and would promote the interests of justice, and because the Parties agree that the transfer would be prudent, the Parties respectfully request that the Court transfer the case to the Central District of California.

**Illuminate's Motion to Dismiss.**  On August 8, 2022, the Court set a schedule for the Parties to brief Illuminate's motion to dismiss. *See* ECF No. 15. In light of the current request to transfer the case, the Parties agree and respectfully request that the Court stay the motion to dismiss briefing schedule until after the motion to transfer has been resolved.

                                                  Sincerely,

                                                  /s/ Devin S. Anderson
                                                  Devin S. Anderson

                                                  *Counsel for Defendant Illuminate Education, Inc.*